

# THE ATTORNEY GENERAL
# OF TEXAS

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

September 21, 1972

Doctor Bevington Reed
Commissioner, Coordinating Board
Texas College and University System
P. O. Box 12788, Capitol Station
Austin, Texas 78711

Opinion No. M- 1221

Re: Authority of the
Coordinating Board
to contract with
Huston-Tillotson
College, a private
church related college,
for the purpose of
providing work for
students eligible to
participate in the
College-Work Study
Programs at that
institution?

Dear Doctor Reed:

We quote from your opinion request concerning the above captioned matter:

> "Chapter 1 of Title 45, Part 175, of the code of Federal Regulations provided a College Work-Study Program 'to stimulate part-time employment of students, particularly those from low income families, who are in need of the earnings from such employment in order to pursue courses of study at eligible institutions.'

> "Administration of the program is limited to 'educational institutions where teaching is conducted and which have an identity of their own.'

> "Work-Study Programs may operate 'under an institutional agreement for the part-time employment of students and may involve work for the institution itself or <u>work for a public or private nonprofit organization in any state</u>.' Emphasis added. (Paragraph 175.4(a) Rules and Regulations of Title 45, Public Welfare, as quoted in Federal Register Volume 34, No. 91, Tuesday, May 13, 1969.)

-5987-

> "Huston-Tillotson College of Austin, Texas, a private church-related college, participates in the College Work-Study Program as an eligible institution.

> "The Coordinating Board, Texas College and University System, proposes to contract with Huston-Tillotson College so that students eligible for the College Work-Study Program at that institution would provide services to the Coordinating Board, Texas College and University System, which is a state agency. Such students will be employees of Huston-Tillotson College. The Coordinating Board will furnish work stations and reimbursement to Huston-Tillotson College for 20 percent of the students' salary for time actually worked.

> "A copy of the proposed contract and of the Federal Regulations are enclosed for your convenience.

> "Can the Coordinating Board, Texas College and University System, contract with Huston-Tillotson College, a private church-related college, for the purpose of providing work for students eligible to participate in the College Work-Study Program at that institution?"

Section 61.067 of the Texas Education Code is specific on the contractual authority of the Coordinating Board. It reads:

> "In achieving the goals outlined in this chapter and in performing the functions assigned to it, the board may contract with any other state governmental agency as authorized by law, <u>with any agency of the United States, and with corporations and individuals. . .</u>"

This office, in Attorney General Opinion No. M-373 (1969) upheld the power of the legislature to authorize the Coordinating Board to enter into various contracts for the maintenance and operation of state institutions of higher education.

The parties to the proposed contract you have submitted are the Coordinating Board and Huston-Tillotson College, a private church related corporation.  Section 61.064 of the Texas Education Code expressly recognizes the authority of the Coordinating Board to enter into contracts and cooperative undertakings with private colleges and universities.  The Board is required, among other things, to enlist their cooperation "in developing a statewide plan for the orderly growth of the Texas system of higher education," including the authority to "enter into cooperative undertakings with those institutions on a shared-cost basis."  The Board "shall cooperate with those private institutions, within statutory and constitutional limitations, to achieve the purposes of this chapter."

Under Section 61.068 of the Texas Education Code, the Coordinating Board is given express authority to accept "grants and donations of personal property from any individual, group, association, or corporation, or the United States. . ."

One of the chief goals or purposes of the chapter, the Higher Education Coordinating Act of 1965 (Section 61.002, Texas Education Code) is that of establishing, in the field of public higher education in the State, the Coordinating Board, "an agency to provide leadership and coordination for the Texas higher education system. . . to the end that the State of Texas may achieve excellence for college education of its youth through the efficient and effective utilization and concentration of all available resources. . ."  The Board "shall represent the highest authority in the state in matters of public higher education." Section 61.051, Texas Education Code.

The avowed purpose of the federal College Work-Study program, in which the Coordinating Board and Huston-Tillotson College of Austin, Texas, propose by contract to participate, is educational and is a public, governmental purpose.  The fact that the students at Huston-Tillotson, a church-related college will be receiving remuneration in consideration of their employment does not violate the separation of church and state doctrine of Article 1, Section 7, Texas Constitution, nor the prohibition of grants of public funds to individuals of Article III, Section 51, Texas Constitution.

We believe the federal law and the purposed contract as submitted meet the test of the U. S. Supreme Court of having ". . . a secular legislative purpose and a <u>primary</u> effect that neither advances nor inhibits religion." <u>Everson vs. Board of Education</u>, 374 US 1 (1947). This office, in Attorney General Opinion No. M-861(1971) has so upheld the validity and constitutionality of bills providing for tuition equalization grants.

On the other hand, any programs which sought to exclude otherwise eligible students from the public employment upon the ground that they might thereby be enabled to pursue a course of study at private church related colleges would, indeed, be discriminatory and inhibit religion unconstitutionally. The government must not depart from its constitutional duty to remain neutral. The College Work-Study program and contract meet the tests set out in the most recent decision of the United States Supreme Court, since they reflect a proper secular legislative purpose, their primary effect neither advances nor inhibits religion, the administration of the Act and program does not foster an excessive government entanglement with religion, and their implementation does not inhibit the free exercise of religion. See <u>Lemmon v. Kertzman</u>, 403 U.S. 602, 612-613(1971); <u>Tilton v. Richardson</u>, 403 U.S. 672 (1971), and Attorney General Opinion No. M-1036(1972).

In view of the foregoing considerations, it is our opinion that the Coordinating Board may enter into the proposed contract with Huston-Tillotson College for the purpose of providing work for students eligible to participate in the College Work-Study Program at that institution.

-S U M M A R Y-

The Coordinating Board has the legal authority to contract with Huston-Tillotson College, at Austin, Texas, a private church-related college, for the secular legislative public purpose of providing work for students eligible to participate in the federal College Work-Study Program at that institution. There is no violation of

the separation of church and state doctrine of
Article I, Section 7, Texas Constitution, or the
prohibition of public funds to individuals of Article
III, Section 51, Texas Constitution; nor is there
any violation of the federal constitution, there
being no inhibition or advancement of religion
or the fostering of excessive government entangle-
ment with religion.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by: Kerns Taylor
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

W. E. Allen, Acting Chairman

J. C. Davis
Melvin Corley
Jack Goodman
Robert Flowers

SAMUEL D. MCDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant